

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,910-01

### EX PARTE JEREMY DEMONT WAITES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-62008-A IN THE 203RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful possession with intent to deliver a controlled substance and sentenced to ten years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Waites v. State*, No. 05-14-00882-CR (Tex. App.—Dallas Apr. 1, 2015) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he did not advise Applicant he could withdraw his guilty plea if the court rejected the plea agreement. He

alleges that, when the trial court rejected the plea and sentenced Applicant, counsel neither objected nor asked to withdraw the plea.

The trial court recommends that this Court grant relief. However, the writ record does not contain a response from counsel. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It is unclear whether Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel, and if not, whether he is indigent. If Applicant is unrepresented, indigent, and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish